UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
LEWIS SAUL & ASSOCIATES, P.C.,,          :
:
              Plaintiff,          :          12 Civ. 4127 (TPG)
:
    – against –                  :          **OPINION**
:
MARCHEX, INC., MARCHEX VOICE            :
SERVICES, INC.,                         :
:
             Defendants.        :
------------------------------------------------x

    Plaintiff Lewis Saul & Associates, P.C. ("Lewis Saul") brings this diversity action for breach of contract, negligence, and gross negligence against defendants Marchex, Inc. ("Marchex") and Marchex Voice Services, Inc. ("Marchex Voice"). The action concerns the allegedly improper and unauthorized release of a toll-free number, 877-LAWSUIT (the "Toll-Free Number"). Jurisdiction is proposed to exist by virtue of diversity of citizenship.

    Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), defendants now move to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction. In response, plaintiff moves for leave to amend the complaint.

    Plaintiff has not attempted to defend the sufficiency of its original complaint. Instead, it contends that its proposed amended complaint is sufficient to withstand defendants' motion to dismiss the case. Defendants, in turn, argue that it would be futile to grant leave to amend, because the

1

proposed amended complaint fails for much the same reasons that the original complaint fails. Thus, the present motion hinges entirely on the whether the amended complaint states a viable claim for relief and is within the jurisdiction of the court. The court will focus its analysis on the allegations of the proposed amended complaint. Accordingly, when this opinion mentions the "complaint" *infra*, it is referring to the proposed amended complaint.

***

Plaintiff is a law firm incorporated in Washington, D.C. with its principal place of business in Portland, Maine. Defendant Marchex was incorporated in the State of Washington, and has its principal place of business there. Defendant Marchex Voice was incorporated in Pennsylvania, where it also operates its principal place of business. Marchex Voice is a subsidiary of Marchex, and the complaint treats the two defendants as essentially interchangeable, referring to them collectively as "Marchex."

Since January 2007, plaintiff has been "the assignee and exclusive end user and subscriber" of the Toll-Free Number. In September 2009, plaintiff hired Cohn & Moscarelli Marketing & Communications, Ltd. ("C&M") to develop and undertake a national advertising campaign on the firm's behalf. Plaintiff desired to use the Toll-Free Number in the campaign, and C&M informed plaintiff that do so, "the telephone service company attached to the Toll-Free Number needed to be changed from Verizon to Marchex."

To effect the change, plaintiff executed a one-page Letter of Authorization

2

("LOA") and delivered it to Marchex Voice. The LOA "designates Marchex Voice Services to act as the Responsible Organization" ("RespOrg") for the Toll-Free Number. A RespOrg is an "entity charged with authority to access" to the SMS/800 database—the national database in which toll-free numbers are catalogued and their assignations tracked and changed—"in order to input or change service information with respect to" any toll-free number in that database. 8 F.C.C. Rcd. 1423, 1425 (F.C.C. 1993).

The LOA also names Kevin Fitzgerald, an attorney at Lewis Saul, as the "individual authorized to act for customer." Marchex received the LOA and proceeded to act as the RespOrg for the Toll-Free Number.

Thereafter, plaintiff promoted the Toll-Free Number in its advertising campaign without complication. Then on August 30, 2010, C&M contacted plaintiff and advised it to discontinue the use of various toll-free numbers—not including 877-LAWSUIT—that had also been used in the campaign. The next day, Lewis J. Saul responded with an email authorizing the release of the unwanted toll-free numbers. But, Saul did not authorize Marchex to release the Toll-Free Number to the SMS/800 Database, meaning releasing it from its special usage into the general database. Nor did Kevin Fitzgerald authorize its release.

After receiving Saul's email, C&M contacted defendants to arrange for the release of the unwanted toll-free numbers. However, Marchex went further and, on or about January 20, 2011, Marchex released the Toll-Free Number to the

3

SMS/800 Database. That is to say, defendants released *all* of the toll-free numbers associated with the advertising campaign, including the Toll-Free Number that plaintiff wished to retain. Plaintiff learned of the loss of the Toll-Free Number in January 2012.

Plaintiff claims that as a result, it sustained damages in an amount not less than $1,000,000.

The proposed amended complaint has three counts. Count one is for breach of contract. Count Two alleges gross negligence. Count Three alleges simple negligence.

Defendants now move to dismiss the action and oppose the motion for leave to amend the complaint. They allege that the amended complaint does not plead viable causes of action. They also argue that there is no subject matter jurisdiction because plaintiff cannot recover damages in excess of the $75,000 jurisdictional threshold in 28 U.S.C. § 1332.

It is difficult to understand the defense claim that there is no sufficient pleading of a breach of contract. The summary of plaintiff's claim, set forth earlier in this opinion, shows a sufficient pleading of a contractual claim.

As to damages, the complaint alleges damages in an amount not less than $1,000,000 for lost business and the loss of the exclusive right to use the valuable Toll-Free Number. There are triable issues on both scores. It cannot be said at this point that plaintiff will not be able to show damage in excess of

4

$75,000.00.

As to Counts Two and Three for gross negligence and negligence, plaintiff has repackaged contractual allegations as tort allegations.

Counts Two and Three are dismissed and re-pleading will not be allowed.

## Conclusion

With plaintiff's consent, the original complaint is dismissed. Leave to amend is granted as to the contractual Count One. Leave to amend is denied as to Counts Two and Three.

The motion to dismiss for lack of subject matter jurisdiction is denied.

This opinion will resolve docket items numbers 5 and 14.

SO ORDERED.

Dated: New York, New York
       January 15, 2013

/s/ Thomas P. Griesa
Hon. Thomas P. Griesa,
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2013